JOS. A. WILLIAMS *v.* NARCISSA HOLLINGSWORTH.

1. PLEADING AND PRACTICE. *Demurrer. Rejoinder. Improperly stricken out. When.* A plaintiff in his replication alleged duress to avoid a plea of accord and satisfaction, to which defendant rejoined, setting up a Chancery decree, determining the fact relied on in the replication. The plaintiff filed a surrejoinder, and the defendant's demurrer thereto was sustained, but held to reach back to his rejoinder, which was stricken out: *Held*, that the rejoinder, if true, was conclusive of the matter set up in the replication, and was, therefore, improperly stricken out.

2. EVIDENCE. *Aggravation of damages.* In an action for breach of marriage contract evidence of seduction is admissable to show the aggravation of damages, that the contract was resorted to as a means of accomplishing the seduction.

3. SAME. *Mitigation of damages.* The incontinence of the plaintiff in such action may be shown in determining the question as to the existence of the contract itself, and in mitigation of damages.

FROM GREENE.

From the Circuit Court at Greeneville.

No record can be found.

NICHOLSON, C. J., delivered the opinion of the court.

This was an action brought in the Circuit Court of Greene county by Narcissa Hollingsworth against Jos. A. Williams for breach of contract of marriage. Upon the trial the jury found for plaintiff, and assessed her damages at $5,000. The defendant has appealed. The declaration avers a marriage contract in May, 1859,

and a breach of it in October, 1861, by marrying one Lucie M. Rumbough.

The pleadings in the case are complicated and confused, but after the action of the court on motion to dismiss, and on a demurrer the cause was tried by the jury on two issues—the one of *non assumpsit*, and the other a plea of accord and satisfaction, with a replication that the accord and satisfaction were procured by fraud and duress.

The plea of former judgment was also put in, and replied to, confessing and avoiding the matter of the plea for duress. The replication was demurred to, and the demurrer sustained, but the court held that it reached back to the plea, and that was ordered to be stricken out.

Defendant then, by leave, filed an amended plea of former judgment. To this plaintiff demurred, and the demurrer being sustained, the plea was held bad.

The court erred in striking out the first plea of former judgment upon the demurrer to the replication thereto; but it is not material to be further noticed, as the defendant was allowed to file an amended plea of former judgment, which sets out fully the same judgment relied on in the first plea. The demurrer to the amended plea of former judgment was properly sustained, as it was apparent that the judgment relied on was not a judgment on the merits, but merely a judgment of voluntary dismissal of the suit, which could not be properly pleaded in bar of the present action.

The pleading is further complicated by the fact

that after the plea of accord and satisfaction was replied to by way of confession and avoidence for duress, and issue taken on it, the court permitted the defendant to file a rejoinder, averring a former decree, determining the fact of duress relied on in the replication. To this rejoinder of defendant the plaintiff demurred, but abandoning it, filed a surrejoinder, which was demurred to by defendant. This demurrer was sustained, but held by the court to reach back to defendant's rejoinder to plaintiff's replication to defendant's plea of accord and satisfaction, and hence that rejoinder was stricken out. It was error to make defendant's demurrer to plaintiff's surrejoinder reach back to defendant's rejoinder, setting up a decree determining the question of duress relied on in plaintiff's replication to the defendant's plea of accord and satisfaction.

The result of this error was to deprive the defendant of the benefit of this decree on the question of duress, and to leave that question open, to be passed upon by the jury. Looking alone to defendant's averments in his rejoinder to the replication of plaintiff, we cannot hold that these averments are insufficient to show that the question of duress was finally disposed of and settled by the decree of the Chancery Court and of this court. If, as averred in the rejoinder, the question of duress now relied on by plaintiff was determined in the Chancery suit referred to in the rejoinder, then it is clear that it was error to submit that question again to the jury. Whether the averments of the defendant's rejoinder were suffi-

cient or not could only be tried by the record of the case in which the decree was rendered. The defendant had a right to have this question settled before the case was put to the jury. The question of fact, whether the defendant procured the plaintiff to accept the money relied on to sustain the plea of accord and satisfaction by fraud and duress, was a material issue in the case, and if that question had been settled by a court of competent jurisdiction, it could not again be brought into contest.

For the error indicated the judgment must be reversed and the cause remanded for another trial.

Various other errors have been assigned and relied on for reversal, but we deem it unnecessary to notice any but those which may be likely to arise on another trial.

It is insisted that the court erred in permitting evidence of seduction, as well as breach of promise of marriage, as the declaration contains no averment of seduction, but only a breach of marriage promise. If the defendant resorted to a marriage contract as a means of seduction, then proof of a seduction so procured would be competent in aggravation of damages.

This was the view of the Circuit Judge, and it was not erroneous.

Defendant offered to prove that when he commenced visiting plaintiff he had heard of her acts of sexual intercourse with other men; but the evidence was rejected. This was error. The proof was competent on the question whether any marriage contract was

ever made, and in mitigation of damages arising from seduction.

Defendant offered the deposition of a number of witnesses as to the bad character of plaintiff previous to the date of the alleged marriage promise. These depositions were rejected because the court was of opinion that the witnesses had not qualified themselves from a knowledge of the general character of plaintiff to testify on this subject. We think the witnesses state such facts and circumstances as rendered their testimony competent to go to the jury, to be by them weighed and considered.

These are all the errors relied on which we deem it proper to pass upon, in view of the fact that the cause is again to be tried.

For the reasons stated the judgment is reversed, and a new trial awarded.